UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:17-CR-6-KKC-EBA-4
CIVIL ACTION NO. 7:19-CV-21-KKC-EBA

UNITED STATES OF AMERICA, PLAINTIFF/RESPONDENT,

V. **RECOMMENDED DISPOSITION**

SCOTT DEWAYNE TACKETT, DEFENDANT/MOVANT.

**INTRODUCTION**

Defendant/Movant Scott Dewayne Tackett (a federal inmate) pled guilty to conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 and was sentenced to sixty-six (66) months in prison. [R. 122 (Judgment)]. Tackett did not file a direct appeal; instead, he filed this instant *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [R. 173 (Motion)].

Under Rule 4 of the Rules Governing Section 2255 Proceedings, the Court must conduct a prompt "preliminary review" of the motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.*; *see also* 28 U.S.C. § 2255(b) (permitting dismissal of a § 2255 motion when "the files and records of the case conclusively show that the prisoner is entitled to no relief"). In this case, because Tackett's motion [R. 173] plainly lacks merit, it must be denied.

**FACTS AND PROCEDURAL HISTORY**

On March 23, 2017, Tackett was indicted on two counts. Count I of the indictment charged that from June 2016 until July 20, 2016, Tackett conspired with others to distribute

Schedule II controlled substances, namely oxycodone, hydrocodone, methadone, and morphine, in violation of 21 U.S.C. §§ 841(a)(1), 846. [R. 1 (Indictment)]. Count II charged that on or about July 20, 2016, Tackett possessed a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). [*Id.* at 2]. On August 14, 2017, pursuant to a written plea agreement [R. 67 (Plea Agreement)], Tackett pleaded guilty to Count I of the indictment and the Government moved to dismiss Count II at time of sentencing. [R. 66 (Minute Entry for Rearraignment and Plea)]. On February 12, 2018, Tackett was sentenced to a total term of sixty-six (66) months of imprisonment with six years of supervised release for Count I. [R. 118 (Minute Entry for Sentencing); R. 122 (Judgment)]. R. 176 (Transcript of Sentencing Hearing)].

On February 11, 2019, Tackett filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [R. 173].[1] Therein, he presents only one argument: that the Court incorrectly calculated the Guidelines since his federal sentence does not run concurrently with his related state court sentence. [*Id.* at 4]. At the time of sentencing, the Presentence Investigation Report (PSR) details pending charges alleged against Tackett in Floyd County Circuit Court.[2] Evidently, on July 21, 2016, Tackett was arrested on state charges related to the federal charges listed in his indictment [R. 1]. As such, when Tackett refers to a "related, but not yet imposed state sentence[,]" the Court construes the pending charges listed on the PSR to be those same state charges that Tackett alludes to in his motion. [R. 173 at 4-5].

---

[1] The filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002) (*per curiam*). Here, Tackett declared under penalty of perjury that he executed and placed the § 2255 motion in the prison mailing system on February 11, 2019. [R. 173 at 6].

[2] The PSR indicates that Tackett was arrested on July 21, 2016, but later indicted in Floyd County Circuit Court, wherein he remained in custody until released on bond on August 29, 2016. It further alleges that he was arrested on a bond violation on December 8, 2016, remaining in state custody until being obtained on a federal writ. *See* R. 7 (Motion for Writ of Habeas Corpus Ad Prosequendum); R. 8 (Order Granting United States' Motion for Writ); PSR at 3, ¶ 2; *Id.* at 16, ¶ 56.

## ANALYSIS

Tackett brings his Motion to Vacate under 28 U.S.C. § 2255. Section 2255(a) provides that a federal prisoner may obtain post-conviction relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001))). If alleging a constitutional error, the defendant must show the error "had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). Alternately, if alleging a non-constitutional error, the defendant must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

In making a § 2255 motion, a movant generally bears the burden of proving factual assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (*per curiam*) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence."); *see also Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). The Court recognizes that Tackett is proceeding *pro se*, without the assistance of an attorney. The Court

construes pro se motions more leniently than other motions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

**Tackett is not entitled to relief**

According to Rule 2(c) of the Rules Governing Section 2255 Proceedings, a movant's petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Liberally construed, Tackett's motion presents one ground for relief and purports to argue that the sentence imposed is incorrect because it is not being served concurrently with a related, but not yet imposed state sentence, according to *Setser v. United States*.[3] Seemingly, Tackett believes his sixty-six (66) month sentence should be running concurrently with his state court sentence. *See* R. 173, ¶ 2. Upon review of the transcript of his sentencing hearing and judgment in his case, the Court did not impose a concurrent sentence. *See* R. 122 at 2 (Judgment noting the term of imprisonment for a total of sixty-six (66) months); R. 176 at 10 (Judge Caldwell at sentencing, noting that Tackett "is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 66 months."). In fact, the record makes no

[3] Tackett's reliance on *Setser* is misplaced. *Setser v. United* States, 566 U.S. 231, 240-43 (2012). Therein, the Supreme Court rejected the parties' argument that, when a future state sentence is anticipated, the Bureau of Prisons (BOP) should decide after the federal sentence has been imposed whether it runs concurrently with or consecutive to the state sentence, based upon its authority granted under 18 U.S.C. § 3621(b). This statute provides that the BOP "may designate any available penal or correctional facility..., whether maintained by the Federal Government or otherwise..., that the Bureau determines to be appropriate and suitable." 18 U.S.C. § 3621(b). The Court determined that the district court— in the first instance— rather than the BOP, should decide whether a federal sentence runs concurrently with or consecutive to an anticipated state sentence. *Setser*, 566 U.S. at 242–43. Nonetheless, the Court recognized the weight of the discretion left with the district court. "[The sentencing] court should exercise the power to impose anticipatory consecutive (or concurrent) sentences intelligently. In certain cases, a district court may have inadequate information and may forbear, but in other situations, that will not be the case." *Id*. at 242, n. 6.

reference to Tackett having any sentence imposed in state court (nor does Defendant present any evidence to reflect otherwise).

Though Tackett's PSR reflects pending charges in state court at the time of federal sentencing, nowhere in the record— apart from his sentencing memorandum[4] [R. 94]— is there any reference to these state charges. [PSR at 16]. Likewise, nowhere in the sentencing transcript is there is a reference to an anticipated state sentence. *See generally* R. 176 (Transcript). As such, the Court could not possibly recognize its discretion to order Tackett's sentence to run concurrently.[5] At sentencing, the Court provided a careful explanation of its decision to impose a sixty-six-month sentence. Judge Caldwell found Tackett's offense conduct to be extremely serious, given his previous history of drug and alcohol abuse, his integral role in the drug conspiracy, and the susceptible danger he had subjected the public. [R. 176 at 9-10]. Though it may be that Tackett's federal sentencing hearing took place before his pending state charges were resolved, his motion lacks any indication of the resolution of those charges.

Be that as it may, Tackett cannot demonstrate where the Court could have chosen to impose a concurrent sentence, since no evidence of such deliberation exists. Because "it plainly appears ... that the moving party is not entitled to relief, the judge must dismiss the

[4] Therein, defense counsel notes that Tackett's total offense level resulted in a guideline range of 57 to 71 months of incarceration, and urged the Court to consider imposing a fifty-seven (57) month sentence on account of his "criminal activity [being] due to [an] addiction that has long plagued him." [R. 94 at 2-3 (Sentencing Memorandum)]. Further, referencing Tackett's pending state charges, counsel requested that the Court consider sentencing the defendant at the low end of the guidelines due to the possibility of Tackett receiving additional state prison time for the same course of conduct in this matter. *Id.*

[5] The Sixth Circuit Court of Appeals reviews claims that sentencing court procedurally erred under the abuse of discretion standard. *United States v. Coppenger*, 775 F.3d 799, 802-03 (6th Cir. 2015); *see also Gall v. United States*, 552 U.S. 38, 51 (2007) (setting abuse of discretion standard for review of sentences generally). The same standard applies whether the district court imposed a sentence inside or outside the Guidelines range. *Gall*, 552 U.S. at 51. The Sixth Circuit does not presume that a sentence outside the Guidelines range is either reasonable or unreasonable, but "must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

motion." Rules Governing Section 2255 Proceedings, Rule 4. Tackett's construed motion, [R. 173], fails.

## CONCLUSION

Although it is the duty of this Court to review a defendant's *pro se* Motion to Vacate, "however inartfully pleaded" according to "less stringent standards than formal pleadings drafted by lawyers," there is no question that Tackett has failed to state grounds to support his motion to vacate. *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly,

1) **IT IS HEREBY ORDERED** that Scott Dewayne Tackett's Presentence Investigation Report be **FILED INTO THE RECORD UNDER SEAL**.

2) **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for a Writ of Habeas Corpus, [**R. 173**], be **DENIED** and **DISMISSED WITH PREJUDICE**.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

This the 13th day of March, 2019.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
Signed By:
Edward B. Atkins
EBA
United States Magistrate Judge
